**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward LOWENTHAL, Defendant-Appellant.**

**No. 12034.**

United States Court of Appeals
Seventh Circuit.

Oct. 2, 1957.

John F. Neylan, Robert J. Downing, Mitchell & Conway, Chicago, Ill., for defendant-appellant.

Robert Tieken, U. S. Atty., Edwin A. Strugala, Asst. U. S. Atty., Chicago, Ill., for appellee. John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel.

Before MAJOR, FINNEGAN and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

In this appeal the defendant seeks reversal of a judgment of the District Court affixing penalties for two violations of a cease and desist order of the Federal Trade Commission entered on April 27, 1944.

Trial was to the court and upon the conclusion of the Government's case the defendant filed a written motion for a directed verdict "pursuant to Rule 50(a) of the Federal Rules of Civil Procedure [28 U.S.C.]", which was overruled, and the defendant then rested without offering any evidence in defense.

The only errors relied on for reversal by the defendant are rulings on the evidence and the failure to grant his motion for a directed verdict.

■ Rule 50 of the Federal Rules of Civil Procedure applies to trials by jury only and a motion for a directed verdict is not applicable to nor proper in a non-jury trial. Morris v. Prefabrication Engineering Co., 5 Cir., 1947, 160 F.2d 779.

■ The defendant complains of the admission in evidence of the last page of Government's Exhibit 1. This exhibit was a certified copy of the findings and conclusions, the cease and desist order of April 27, 1944, the registered mail return receipts of the Respondents and the certificate of the Secretary of the Federal Trade Commission certifying that no petition was served upon the Commission to set aside the cease and desist order of April 27, 1944 "issued and served by the Federal Trade Commission". It was admitted in evidence without objection with the exception of the last page consisting of the registered mail return receipts to which the defendant objected for the reason that they had nothing to do with the cease and desist order and

the signatures thereon had not been identified.

Title 15 U.S.C.A. § 45(f) provides, in applicable part, that

"the return post office receipt for said * * * order * * * registered and mailed as aforesaid shall be proof of the service of the same."

Substantiated by the certificate of the Federal Trade Commission, the testimony of the witness Equi and the presumption of regularity which supports the official acts of public officials, United States v. Chemical Foundation, 1926, 272 U.S. 1, 14, 47 S.Ct. 1, 71 L.Ed. 131, the return registered mail receipt of Edward Lowenthal was properly admitted pursuant to this statute.

■ The undisputed evidence is that the cease and desist order against Edward Lowenthal was entered by the Federal Trade Commission on April 27, 1944 and was served on him by registered mail on May 1, 1944 and became final on June 30, 1944; that the witness, Philip Equi, an attorney-examiner for the Federal Trade Commission, interviewed Edward Lowenthal in his office on North Dearborn Street in Chicago, Illinois on more than one occasion, and on or about December 28, 1951 he visited a building on North Dearborn Street in Chicago, Illinois to see Edward Lowenthal and when he entered the building he looked on the directory in the lobby and saw Edward Lowenthal's name listed together with Retailers Service Bureau and Thomas Webster at room number 800; that he went to room number 800, on the door of which was printed the inscription of Retailers Service Bureau; that he entered the door and found a man who identified himself as Edward Lowenthal; that he had a conversation with Edward Lowenthal and told him he was investigating his compliance or non-compliance with the cease and desist order of April 27, 1944; that Edward Lowenthal admitted to him that he was the Edward Lowenthal named in Government's Exhibit 1, and they discussed the order and Edward Lowenthal indicated he wished

to co-operate with the Federal Trade Commission and would be willing to discuss entering into a stipulation with the Commission; and that he was the owner or was trading or doing business as Thomas Webster and Retailers Service Bureau.

This was sufficient evidence to support the findings of the District Court.

The requests for admissions and the responses thereto were not introduced in evidence and in this case the District Court was not required to give any consideration thereto on the trial on the merits.

■ There having been sufficient evidence, exclusive of Government's Exhibit 6, to support the findings of the District Court, the admission in evidence of Government's Exhibit 6 was not reversible error. Herlihy Mid-Continent Company v. Northern Indiana Public Service Company, 7 Cir., 1957, 245 F.2d 440.

Finding no reversible error, the judgment is

Affirmed.

Learned Hand, J., dissented.