**UNITED STATES of America, Plaintiff-Appellant,**

v.

**ITT CONTINENTAL BAKING COMPANY, Defendant-Appellee.**

**Nos. 72–1072, 72–1073.**

United States Court of Appeals, Tenth Circuit.

July 12, 1972.

George Edelstein, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Gerald P. Norton, Washington, D. C. (John H. Schafer, III, Washington, D. C., and Robert F. Welborn, Denver, Colo., on the brief), for defendant-appellee.

Before HILL and BARRETT, Circuit Judges, and LANGLEY, District Judge.

---

HILL, Circuit Judge.

This appeal is from a final judgment of the United States District Court for the District of Colorado in a civil action commenced by the United States against ITT Continental Baking Company to remedy three alleged violations of a Federal Trade Commission cease and desist order.

In 1960 the FTC issued a complaint charging that Continental Baking Company (predecessor of ITT Continental Baking Company) had violated § 7 of the Clayton Act and § 5 of the Federal Trade Commission Act by acquiring a number of bakeries. The parties terminated this litigation by agreeing to a cease and desist order which forbad acquisition by Continental of other baking concerns for a ten-year period without prior FTC approval.

In 1965 and 1966, Continental entered into transactions with three firms engaged in the production and sale of bread. These transactions provided that the three firms would discontinue producing bread and would become exclusive distributors of bread produced by Continental. Two of the firms were acquired outright by Continental; the third firm continued to operate as an exclusive distributor of bread produced by Continental. In June, 1968, Continental and International Telephone and Telegraph agreed to merge; the merger was completed by September, 1968.

The instant action was instituted by the United States in December, 1968; the trial court entered judgment on August 2, 1971. The trial judge found that the two direct acquisitions were violations of the FTC cease and desist order, and imposed the maximum penalty of $5,000 for each of the two acquisitions. The third transaction was adjudged to be non-violative of the order. The United States requested an injunction commanding compliance with the Commission's order, which was granted, but injunctive relief requiring ITT Continental to divest itself of the assets unlawfully acquired was denied. The government appeals and ITT Continental cross-appeals.

The appellee has moved to dismiss the appeal on the ground that under the Expediting Act, 15 U.S.C. § 29, this appeal lies only to the Supreme Court, and this Court thus lacks jurisdiction. The Expediting Act provides:

In every civil action brought in any district court of the United States under any of said Acts, wherein the United States is complainant, an appeal from the final judgment of the district court will lie only to the Supreme Court.

ITT Continental contends that the instant appeal falls squarely within the language of the Expediting Act.

■ This is a question of first impression in this Circuit. An examination of cases dealing with like appeals in other circuits convinces us that it would be inconsistent with the intent of the Expediting Act to construe the words "in every civil action" to make civil actions brought by the United States for the imposition of monetary penalties to be appealable directly to the Supreme Court. The Second Circuit has specifically so held in United States v. New York, N.H. & H. R.R. Co., 276 F.2d 525 (2d Cir. 1957). See also United States v. St. Regis Paper Co., 285 F.2d 607 (2d Cir. 1960). Although the question of jurisdiction was not discussed therein, four other circuits have decided appeals in like cases in which monetary penalties were sought by the United States. United States v. Vulcanized Rubber & Plastics Co., 288 F.2d 257 (3d Cir. 1961), cert. denied, 368 U.S. 821, 82 S. Ct. 38, 7 L.Ed.2d 26; Am. Greetings Corp. v. United States, 272 F.2d 945 (6th Cir. 1959); Mueller v. United States, 262 F.2d 443 (5th Cir. 1958); United States v. Lowenthal, 248 F.2d 397 (7th Cir. 1957).

■ We are not persuaded that the grant of injunctive relief along with the imposition of the monetary penalties divests this Court of jurisdiction to hear this appeal. Although jurisdiction was

not an issue, two circuits have decided appeals from decisions in civil actions brought by the United States for monetary penalties and injunctive relief. Herbold Laboratory, Inc. v. United States, 413 F.2d 342 (9th Cir. 1969); United States v. Vitasafe Corp., 352 F. 2d 62 (2d Cir. 1965). Jurisdiction of appeals in civil penalty cases, even where injunctive relief is additionally sought, lies in the courts of appeal.

The motion to dismiss is denied.